**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| MAXX LYMAN, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>EXACT CARE PHARMACY, LLC; EXACT CARE, LLC; and DOES 1-10, inclusive,<br><br>    Defendants. | Case No.: 1:24-cv-00694<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY DEMANDED** |

Now comes the Plaintiff, MAXX LYMAN ("Plaintiff"), by and through his attorneys, and for his class action Complaint against the Defendants, EXACT CARE PHARMACY, LLC, EXACT CARE, LLC, and DOES 1-10 (collectively, "Defendants"), inclusive, Plaintiff alleges and states as follows:

## PRELIMINARY STATEMENTS

1.      Plaintiff brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendants in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*., ("TCPA") and related regulations. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

2.      The TCPA was designed to prevent automated telephone calls like the ones described herein, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer

complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3.      In enacting the TCPA, Congress intended to give consumers a choice as to how corporate and similar entities may contact them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer." TCPA, Pub. L. No. 102–243, § 11. In support of this, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id*. at § 12; see also *Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at *4 (N.D.Ill. Aug. 10, 2012) (citing Congressional findings on the TCPA's purpose).

4.      Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." *Id.* at §§ 12-13.

## <u>JURISDICTION AND VENUE</u>

5.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as this civil action arises under a law of the United States, the TCPA.

6.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this claim occurred in this District.

## PARTIES

7.      Plaintiff is an individual who was at all relevant times residing in Fargo, North Dakota.

8.      Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

9.      On information and belief, Defendant EXACT CARE PHARMACY, LLC is a limited liability company of the State of Ohio, whose principal place of business is located in Valley View, Ohio.

10.     On information and belief, Defendant EXACT CARE, LLC is a limited liability company of the State of Ohio, whose principal place of business is located in Valley View, Ohio.

11.     On information and belief, at all times relevant hereto, Defendants were engaged in medication management and pharmacy care for people who have chronic conditions, take multiple prescription medications, and receive care from multiple providers.[1]

12.     Defendants EXACT CARE PHARMACY, LLC and EXACT CARE, LLC are both a "person" as defined by 47 U.S.C. § 153(39).

13.     On information and belief, at all times relevant hereto, Defendants EXACT CARE PHARMACY, LLC and EXACT CARE, LLC conducted business within this District.

14.     The true names and capacities of the Defendants sued herein as DOES 1-10 are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend his Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

15.     Plaintiff is informed and believes that at all relevant times, each and every

---

[1] https://www.exactcarepharmacy.com/

3

Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## FACTUAL ALLEGATIONS

16.     On or about August 31, 2023, Defendants began placing unsolicited telemarketing calls to Plaintiff's cellular telephone number ending in -3877.

17.     At the time of Defendants' initial call, Plaintiff's cellular telephone number ending in -3877 had been registered on the National Do-Not-Call Registry for over 30 days. Plaintiff's cellular telephone number ending in -3877 has remained registered on the National Do-Not-Call Registry at all times thereafter.

18.     Despite Plaintiff's cellular phone number having been registered on the National Do-Not-Call Registry, Defendants continued to place unsolicited telemarketing calls to Plaintiff, including at least three calls placed on September 1, 2023.

19.     Defendants' calls to Plaintiff constituted calls that were not for emergency purposes, as defined by 47 U.S.C. § 227(b)(1)(A)(i).

20.     Defendants and their agents never received Plaintiff's prior express consent to receive unsolicited calls, pursuant to 47 U.S.C. § 227(b)(1)(A).

21.     Such calls constitute solicitation calls pursuant to 47 C.F.R. § 64.1200(c)(2), as they were attempts to promote or sell Defendants' products and services.

22.     Defendants' calls constitute violations of 47 C.F.R. 64.1200(c)(2), because Plaintiff's phone number was registered on the National Do-Not-Call Registry prior to Defendants'

telephone call solicitations.

23.     These calls by Defendants, or their agent(s), violated 47 U.S.C. § 227(b)(1).

24.     Based upon Plaintiff's personal experience of being called by Defendants after being on the National Do-Not-Call list for years prior to Defendants' initial call, and at all relevant times, Plaintiff also alleges, on information and belief, that Defendants failed to establish and implement reasonable practices and procedures to effectively prevent telephone solicitations or for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of Defendants, in violation of the regulations prescribed under 47 U.S.C. § 227(c)(5), including 47 C.F.R. 64.1200(d).

25.     Defendants' unsolicited telemarketing calls were a nuisance to Plaintiff.

26.     Plaintiff suffered a concrete and particularized injuries in fact as a result of the unsolicited telemarketing calls he received from Defendants. The calls invaded Plaintiff's privacy, causing annoyance, aggravation, inconvenience, frustration, and emotional distress, wasting his time, consuming use of his telephone line without authorization, and otherwise intruding into his personal affairs without permission. The calls also constituted a form of the precise harm that Congress was attempting to prohibit with the enactment of the TCPA, which was designed to remedy invasions of privacy and nuisances caused to Americans by telemarketing calls placed without consent. Plaintiff actually suffered this precise injury by receiving the unwanted telemarketing calls, and having his privacy invaded through a disturbance of his solitude and unwanted intrusion of his technology and personal space. Accordingly, Plaintiff has Article III standing to seek redress for these violations in Federal Court.

## CLASS ALLEGATIONS

27.     Plaintiff brings this action on behalf of himself and all others similarly situated, as a member of the following proposed class (the "Class"), defined as follows:

> All persons within the United States whose telephone numbers were registered on the National Do-Not-Call Registry for at least 30 days, who received more than one call or text message within any twelve-month period placed by or on behalf of Defendants and which promoted Defendants' products or services, within the four years prior to the filing of this Complaint through the date of class certification.

28.     Defendants, their employees and agents are excluded from the Class. Plaintiff does not know the number of members in the Class but believes the members of the Class number in the thousands, if not more. Thus, this matter should be certified as a class action to assist in the expeditious litigation of the matter.

29.     The members of the Class are so numerous that the individual joinder of all members is impractical. While the exact number and identities of the Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that all three of the Class include thousands of members. Plaintiff alleges that the putative class members may be ascertained by the records maintained by Defendants.

30.     This suit is properly maintainable as a class action pursuant to Fed. R. Civ. P. 23(a) because the Class is so numerous that joinder of their individual members is impractical and the disposition of their claims in the class action will provide substantial benefits both to the parties and the Court.

31.     Plaintiff and members of the Class were harmed by the acts of Defendants in at least the following ways: Defendants illegally contacted Plaintiff and Class members via their

telephones for solicitation purposes, thereby invading the privacy of said Plaintiff and the Class members whose telephone numbers were on the National Do-Not-Call Registry. Plaintiff and the Class members were damaged thereby.

32.     There is a well-defined community of interest in the questions of law and fact involved affecting the Class members. The questions of law and fact common to the Class predominate over questions which may affect individual Class members and include, but are not necessarily limited to, the following:

a.      Whether, within the four years prior to the filing of this Complaint through the date of class certification, Defendants or their agents placed more than one telemarketing/solicitation call or text message to Class members whose telephone numbers were on the National Do-Not-Call Registry;

b.      Whether Defendants maintain proper procedures and policies on the use of do-not-call lists, as required by 47 C.F.R. § 64.1200;

c.      Whether Plaintiff and the Class members were damaged by Defendants' conduct, and the extent of damages for such violations; and

d.      Whether Defendants and their agents should be enjoined from engaging in such conduct in the future.

33.     As a person that received multiple solicitation calls from Defendants within a 12-month period, and whose phone number was registered on the National Do-Not-Call Registry, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

34.     Plaintiff and the members of the Class have suffered irreparable harm as a result of

the Defendants' unlawful and wrongful conduct. Absent a class action, the Class members will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendants will likely continue such illegal conduct. Because of the size of the individual member's claims, few, if any, members of the Class could afford to seek legal redress for the wrongs complained of herein.

35.     Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

36.     A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendants to comply with federal law. The interest of the Class members in individually controlling the prosecution of separate claims against Defendants are small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

37.     The prosecution of separate actions by individual members of the Class would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other members not parties to such adjudications or that would substantially impair or impede the ability of such non-party members to protect their interests.

38.     Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## COUNT I
## NEGLIGENT VIOLATIONS OF THE
## TELEPHONE CONSUMER PROTECTION ACT
## ON BEHALF OF PLAINTIFF AND THE CLASS

39. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 38 above as if reiterated herein.

40. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227(c), and in particular 47 U.S.C. § 227(c)(5).

41. As a result of Defendants' negligent violations of 47 U.S.C. § 227(c), Plaintiff and the Class members are entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(c)(5)(B).

42. Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## COUNT II
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE
## TELEPHONE CONSUMER PROTECTION ACT
## ON BEHALF OF PLAINTIFF AND THE CLASS

43. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 38 above as if reiterated herein.

44. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227(c), and in particular 47 U.S.C. § 227(c)(5).

45. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227(c), Plaintiff and the Class members are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

46.     Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for a judgment against Defendants as follows:

a.      An order certifying the Class and appointing Plaintiff as Representative of the Class;

b.      An order certifying the undersigned counsel as Class Counsel;

c.      An order requiring Defendants, at their own cost, to notify all Class Members of the unlawful, unfair, deceptive, and unconscionable conduct herein;

d.      Judgment against Defendants in the amount of $500.00 in statutory damages for each and every negligent violation of the TCPA by Defendants;

e.      Judgment against Defendants in the amount of $1,500.00 in statutory damages for each and every knowing and/or willful violation of the TCPA by Defendants;

f.      An order for injunctive relief prohibiting such conduct by Defendants in the future;

g.      Judgment against Defendants for Plaintiff's court costs and other litigation costs;

h.      Prejudgment and post-judgment interest as allowed by law; and

i.      Any other relief deemed just and proper by this Court.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all issues in this action which are so triable.


RESPECTFULLY SUBMITTED,

MAXX LYMAN

By:    /s/ David B. Levin
       Attorney for Plaintiff
       Law Offices of Todd M. Friedman, P.C.
       707 Skokie Blvd., Suite 600
       Northbrook, Illinois 60062
       Phone: (224) 218-0882
       Fax: (866) 633-0228
       dlevin@toddflaw.com